**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| GRIFFIN TITLE & ESCROW, INC., )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>PRECOR AIRLINES LIMITED, GLEN MAC )<br>SWISS INTERNATIONAL, INC., )<br>and TRI-STAR ENTERPRISES, LTD., )<br>a foreign corporation, )<br>)<br>Defendants. ) | NO. CIV-04-1239-HE |

### ORDER

Plaintiff Griffin Title & Escrow, Inc. ("Griffin") brought this action as a stakeholder to obtain a declaratory judgment determining the payout of certain funds held by it in escrow. Defendants Glen Mac Swiss International, Inc. ("Glen Mac") and Tri-Star Enterprises, Ltd. ("Tri-Star") have each filed counterclaims against Griffin alleging they are entitled to escrowed funds held by plaintiff in connection with two separate yet related airplane purchase agreements. Both defendants have filed motions for summary judgment. [Doc. Nos. 24, 28]. Plaintiff's response to defendant Tri-Star's motion was struck by the Court for non-compliance with Fed. R. Civ. P. 56(e). See Order of August 25, 2005. However, the Court allowed plaintiff additional time to conduct discovery and respond to Tri-Star's motion. Id. As of this date, plaintiff has not responded to Tri-Star's motion. While plaintiff did file a response to defendant Glen Mac's motion, the response is essentially identical to

the one previously stricken by the Court.¹

Summary judgment is appropriate only when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "The evidence and reasonable inferences drawn from the evidence are viewed in the light most favorable to the nonmoving party." Stover v. Martinez, 382 F.3d 1064, 1070 (10th Cir. 2004).  Having applied the Rule 56 standard to determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law," Sierra Club v. El Paso Gold Mines, Inc., 421 F.3d 1133, 1150 (10th Cir. 2005) (internal quotation marks and citation omitted), the Court concludes both defendants' motions for summary judgment should be granted.

The undisputed facts show that defendant Precor Airlines Limited ("PreCor"), which has not made an appearance in this lawsuit,² contracted to sell an airplane to defendant Glen Mac on March 8, 2004.³  In connection with this contract, Glen Mac placed a $300,000 refundable deposit in escrow with Griffin.  On June 18, 2004, Glen Mac notified Griffin that

---

¹*Plaintiff requests more time for discovery and asks that this Court "avoid a hasty rush to judgment." Plaintiff's Response to Glen Mac's Motion for Summary Judgment, p. 2. As noted, the Court has already granted plaintiff an extension of time for discovery, Order, August 25, 2005, and the case, initiated by plaintiff, has been pending for over a year.*

²*Defendants Glen Mac and Tri-Star have each filed cross-claims against defendant PreCor.*

³*The subject of the original agreement was a 1980 McDonnell Douglas DC10-10. During the course of the negotiations, the parties substituted a 1981 McDonnell Douglas DC 10-15 for the DC 10-10. The DC 10-15 was in turn substituted with a Lockheed L-1011-385-1-15 owned by Tri-Star.*

the aircraft sale would not close and requested a return of its refundable deposit. Griffin has returned $172,000 to Glen Mac. Glen Mac seeks to recover the remaining $128,000 held in escrow by plaintiff.

On April 16, 2004, Tri-Star contracted to sell a Lockheed L-1011-385-1-15 to PreCor for $1.4 million. In accordance with the purchase agreement, PreCor agreed to place a $100,000 non-refundable deposit in escrow with Griffin. Griffin acknowledged receipt of the $100,000 deposit on April 16, 2004. On April 23, 2004, Tri-Star received notice from Griffin that the terms of the purchase agreement had been accepted, conditioned on the results of an aircraft title search.[4] PreCor subsequently breached the purchase agreement by failing to purchase the airplane. Although authorized by PreCor to pay the $100,000 held in escrow to Tri-Star,[5] Griffin has not disbursed any funds to Tri-Star. Tri-Star seeks to recover the escrowed funds from Griffin.

Plaintiff's response, or lack thereof, to the defendants' motions for summary judgment fails to establish the existence of any fact, material or otherwise, requiring submission of this case to a jury. Further, it has not offered any persuasive reason for further deferring resolution of these motions. While the illness of plaintiff's owner may have slowed plaintiff's ability to respond to discovery or to respond to the pending motions, it does not

---

[4]*Although valid title may have been a condition on Tri-Star's right to the non-refundable deposit, the aircraft title search resulted in Tri-Star's identification as the title record owner. Thus, the pre-conditions to Tri-Star's right to the funds were satisfied. See Tri-Star's Motion for Summary Judgment, p. 2.*

[5]*See Tri-Star's Motion for Summary Judgment, Exs. A and C.*

justify an indefinite suspension of these proceedings. Plaintiff, a corporate party, has had several months to obtain information related to the various claims. It has not identified any information that is within the sole knowledge of Ms. Griffin or which is otherwise unavailable to it through reasonable diligence. As a result, plaintiff's assertion that it lacks available information to adequately respond, without more, is insufficient to create a material dispute for purposes of avoiding summary judgment. See Diaz v. Paul J. Kennedy Law Firm, 289 F.3d 671, 674 (10th Cir. 2002) ("Plaintiffs did not inform the district court, with any specificity, how additional information would have helped them oppose defendants' motion for summary judgment . . . [or] even attempt to show reasons why they could not present by affidavit facts essential to justify [their] opposition to the summary judgment motion." (internal quotations omitted)). As the undisputed facts establish that both Glen Mac and Tri-Star are entitled to the amounts they seek, the Court concludes summary judgment should be granted in favor of these defendants and against Griffin.[6]

Accordingly, defendants' motions for summary judgment are **GRANTED**. Glen Mac's motion for summary judgment to establish priority to the funds held in escrow [Doc. No. 50] is **STRICKEN** as moot, as is its motion to file a reply brief [Doc. No. 54]. Upon entry of final judgment, Glen Mac and Tri-Star will be entitled to recover $128,000 and $100,000, respectively, from Griffin. The parties are directed to advise the Court by

---

[6]*Defendant Tri-Star has moved to have its requests for admissions deemed admitted based on plaintiff's failure to respond in a timely fashion. However, the material undisputed facts are established without reliance on any deemed admissions under Rule 36, hence it is unnecessary to belabor the effect of any non-timely response.*

**November 18, 2005**, of any remaining issues.[7]

      **IT IS SO ORDERED**.

Dated this 7th day of November, 2005.

                                          JOE HEATON
                                          UNITED STATES DISTRICT JUDGE

---

[7] *At this point, the status of PreCor is unresolved. Other issues may also exist.*