## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

GRIFFIN TITLE & ESCROW, INC.,     )
                                   )
                Plaintiff,     )
                                   )
vs.                                 )     NO. CIV-04-1239-HE
                                   )
PRECOR AIRLINES LIMITED, GLEN MAC )
SWISS INTERNATIONAL, INC.,     )
and TRI-STAR ENTERPRISES, LTD.,    )
a foreign corporation,           )
                                 )
               Defendants.    )

## ORDER

The court previously granted summary judgment in favor of defendants Glen Mac Swiss International, Inc. And Tri-Star Enterprises, Ltd.  [Doc. #56].  Each have now filed motions for attorney fees and pre and post-judgment interest.  Plaintiff has responded in opposition to the motions.

As this is a diversity action, state law determines the defendants' entitlement to a fee award.  Boyd Rosene and Assocs., Inc. v. Kansas Mun. Gas Agency, 123 F.3d 1351, 1352 (10th Cir. 1997).  "Oklahoma, like most states, follows the American Rule that each party is responsible for its own litigation costs and expenses including attorney fees."  In re Meridian Reserve, Inc., 87 F.3d 406, 410 (10th Cir. 1996).  Under Oklahoma law, a court is without authority to award attorney fees absent a specific statute or contractual term.  In this case, defendants base their request for attorney fees on 12 Okla. Stat. § 936.  Section 936 provides:

In any civil action to recover for labor or services rendered, or on an open

account, a statement of account, account stated, note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, unless otherwise provided by law or the contract which is the subject of the action, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs.

Strictly construing the fee-shifting statute, as this court must,[1] the court concludes that the claims raised in this matter do not fall within the ambit of § 936. This was not a civil action to recover for labor or services rendered[2] and the claims raised are only tangentially related to a contract for the purchase or sale of goods.[3] At most, the issues raised in this matter can be characterized as arising in tort (conversion) or from the breach of a fiduciary agreement. As neither of these are encompassed by the language of § 936, defendants' motions for attorney fees are **DENIED**.

Defendants have also requested an award of pre-judgment interest under 12 Okla. Stat. § 727.1(E).[4] However, this statute does not apply when the injury alleged is monetary rather

---

[1]*See In re Meridian Reserve, Inc., 87 F.3d at 411-412 (finding that Oklahoma courts have adopted a "strict interpretation" of § 936).*

[2]*See Russell v. Flanagan, 544 P.2d 510, 512 (Okla. 1975) (strictly limiting the provisions of § 936 to actions brought to recover for labor and services rendered, not for an alleged injury that was merely related to a contract for labor or services).*

[3]*In re Meridian Reserve, Inc., 87 F.3d at 412 (attorney fees correctly denied under § 936 when nature of the action was only tangentially or collaterally related to the purchase or sale of goods).*

[4]*Section 727.1(E) provides in pertinent part:*

*if a verdict for damages by reason of personal injuries or injury to personal rights including, but not limited to, injury resulting from bodily restraint, personal insult, defamation, invasion of privacy, injury to personal relations, or detriment due to an act or omission of another is accepted by the trial court, the court in rendering*

(continued...)

than personal.  See, e.g., Stroud v. Arthur Andersen & Co., 37 P.3d 783, 795 (Okla. 2001)

("An economic loss emanating from a business venture does not qualify as a personal injury

under § 727(E)'s provisions and, hence, does not meet the statutory requirement for an award

of prejudgment interest."); Majors v. Good, 832 P.2d 420, 423 (Okla. 1992) (rejecting

plaintiffs' argument that § 727 allows for prejudgment interest when the damages occur

because of detriment due to an act or omission of another and noting that this "distorted

reading" ignored the fact that "personal injury or injury to personal rights is a necessary

element to recover prejudgment interest").  Therefore, defendants' requests for pre-judgment

interest are **DENIED**.[5]

  **IT IS SO ORDERED**.

  Dated this 6th day of February, 2006.

                 _____
JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[4](...continued)
*judgment shall add interest on the verdict . . .*

[5]*The judgment to be entered will reflect defendants' entitlement to post-judgment interest per 28 U.S.C. § 1961(a).*